UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTOANETA IOTOVA, ISSAK ALMALEH    :

              Plaintiffs,        :      <u>REPORT AND
RECOMMENDATION</u>

      -v.-           :
                         17 Civ. 6594 (GBD) (GWG)

ANDREW PATEL,           :

            Defendant.        :
-------------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

Plaintiffs Issak Almaleh and Antoaneta Iotova, proceeding pro se, bring this suit against

Iotova's former criminal defense attorney, Andrew Patel, alleging malpractice, fraud, and

negligence. <u>See</u> Complaint, filed Aug. 25, 2017 (Docket # 2) ("Compl."). Patel now moves to

dismiss the complaint with prejudice under the doctrine of res judicata.[1] For the following

reasons, the motion to dismiss should be granted and an injunction should issue barring plaintiffs

from filing any further lawsuit against Patel or his firm based on any conduct occurring prior to

the date of the injunction.

I. <u>BACKGROUND</u>

The following facts are based on the allegations in the complaint. In addition, the Court

takes judicial notice of proceedings in Iotova's criminal prosecution and Iotova's prior lawsuits

---

[1] Notice of Defendant's Motion to Dismiss, filed Dec. 27, 2017 (Docket # 13) ("Def. Not."); Memorandum of Law in Support of Defendant's Motion to Dismiss, filed Dec. 27, 2017 (Docket # 14) ("Def. Mem."); Declaration of Benjamin Silverman in Support of Defendant's Motion to Dismiss, filed Dec. 27, 2017 (Docket # 15) ("Silverman Decl."); Letter from Antoaneta Iotova, filed Jan. 5, 2018 (Docket # 20) ("Jan. 5 Letter"); Letter from Benjamin Silverman, filed Jan. 11, 2018 (Docket # 21); Letter from Antoaneta Iotova, filed Jan. 17, 2018 (Docket # 22) ("Jan. 17 Letter"); Letter from Antoaneta Iotova, filed Feb. 1, 2018 (Docket # 25) ("Feb. 1 Letter").

against Patel and others.  See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks and citation omitted). Plaintiffs have not contested the authenticity of any judicial documents submitted by defendants.

The plaintiffs are currently being prosecuted in this District for bank fraud, wire fraud, and related crimes.  See Indictment, United States v. Almaleh, No. 17-cr-00025 (S.D.N.Y. Jan. 11, 2017) (Docket # 2).  On February 14, 2017, Patel was appointed as Iotova's counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.  See Disposition Sheet, Almaleh, No. 17-cr-00025 (S.D.N.Y. Feb. 14, 2017) (Docket # 7).  Patel was relieved as Iotova's counsel on November 1, 2017.  See Order, Almaleh, No. 17-cr-00025 (S.D.N.Y. Nov. 6, 2017) (Docket # 62).

In the meantime, on August 8, 2017, Iotova filed suit against Patel in the County Court for Broward County, Florida.  See Statement of Claim, dated Aug. 8, 2017 (annexed as Ex. A to Silverman Decl.) ("Florida State Action"), at *8.[2]  In that case, Iotova alleged Patel committed malpractice, fraud, and negligence by "trying to harass her, intimidate her and to forcefully send her to doctors against her free will," by failing to effectively communicate with her and involve her in the defense, and by "cooperating with the malicious prosecution."  Id. at *9.[3]

Thirteen days later, both plaintiffs filed suit against Patel in the United States District Court for the Southern District of Florida.  See Complaint, dated Aug. 21, 2017 (annexed as Ex.

---

[2]  Page numbers listed as "*__" refer to the pagination system provided by the Court's ECF system.

[3]  While the copy of the Florida State Action complaint annexed to the Silverman Declaration appears incomplete, it is not necessary to rectify this error inasmuch as the complete complaint is not necessary for the resolution of the instant motion.

B to Silverman Decl.) ("Florida Federal Action"), at 1-2. The complaint in the Florida Federal Action made claims against Patel for malpractice, fraud, and negligence during his representation of Iotova. Id.

On August 25, 2017, four days after filing the Florida Federal Action, the plaintiffs filed the instant action in this Court. See Compl. The complaint in this Court alleges that Patel was "trying to harass [Iotova], intimidate [Iotova] and to forcefully send [Iotova] to doctors against [Iotova's] free will" and that he "is cooperating with the malicious Prosecution [in her criminal case in this District]." Compl. at 1. It also makes numerous other claims and allegations, all of which were made in the Florida Federal Action as well. Among these are allegations that Patel "doesn't want to defend the [Iotova]" in her criminal case, because he "is taking money from the Federal government to defend her, big money," id.; that Patel "doesn't want to discuss the case with her," id.; that "[h]e [] breached the attorney secret by telling the psychologist [Maria Huber] information that [Iotova] shared with him confidentially," id. at 2; and that he "forced her to see a psychologist, telling her a lie that there is a court order, when there was no order," id. at 1. The complaint in the current action tracks word-for-word the complaint in Florida Federal Action. Neither complaint specified how Patel harmed Almaleh.

On October 30, 2017, the district court presiding over the Florida Federal Action dismissed the complaint both as frivolous and for failure to state a claim, citing 28 U.S.C. § 1915(e)(2)(B). See Order Dismissing Plaintiffs' Complaint, dated Oct. 30, 2017 (annexed as Ex. C to Silverman Decl.) ("Florida Order"), at 1-2. The district court listed 14 other cases filed by one or both plaintiffs that had been dismissed sua sponte in its district and warned the plaintiffs that "[f]urther frivolous lawsuits may warrant sanctions." Id. at 2.

On December 27, 2017, Patel moved to dismiss this action and asked that an order issue

barring plaintiffs from future filings.  See Def. Not.  The plaintiffs filed a number of letters opposing this motion.  See Jan. 5 Letter; Jan. 17 Letter; Feb. 1 Letter.  Although these letters bear labels suggesting that they are motions for various forms of relief, we construe them to represent plaintiffs' opposition to Patel's motion to dismiss.  None of them address the merits of Patel's motion.

On February 28, 2018, the district judge presiding over the plaintiffs' criminal case in this district, Judge Forrest, enjoined the defendants "from filing any lawsuits against any counsel, court officer, or judicial officer connected to the criminal proceedings during its pendency."  See Almaleh, No. 17-cr-00025 (S.D.N.Y. Feb. 28, 2018) (Docket # 108) ("Judge Forrest Injunction").  Because the instant lawsuit was filed before the Judge Forrest Injunction, we do not view its mere pendency as violating that order.

## II.  DISCUSSION

### A.  Res Judicata

A res judicata challenge "may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Thompson v. Cty. of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).  Under the doctrine of res judicata, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  Specifically, res judicata bars re-litigation when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000); accord Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018).  It "is

based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000) (citation omitted).

The instant lawsuit meets all the elements of res judicata. The Florida Federal Action was dismissed with prejudice under the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B), for being not only frivolous but also "for failure to state a claim." See Florida Order at 1. A dismissal for failure to state a claim is an adjudication on the merits. See, e.g., Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("[T]he dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects."). The Florida Federal Action had the same plaintiffs. Finally, the claims asserted in this action "were . . . raised in" the Florida Federal Action. Accordingly, the instant action must be dismissed on res judicata grounds. See generally Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002) (where claims in a second in forma pauperis complaint were barred by res judicata, "the district court properly dismissed [the] complaint under § 1915(e)"); accord Augustus v. AHRC Nassau, 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 20, 2013) ("where the claim clearly is barred on the basis of res judicata, district courts may dismiss a case as frivolous or for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii).") (citation omitted).

B.  Motion for Sanctions

Patel has requested that the Court enter either a litigation bar against plaintiffs or an order "warn[ing] plaintiffs that any subsequent frivolous filings against Mr. Patel, the United States Attorney, or others may result in either sanctions or imposition of a litigation bar, or both." Def. Mem. at 7.

We view a limited litigation bar as entirely appropriate. The standards for such a bar were articulated in Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986). In that case, the Second Circuit held as follows:

> the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Id. at 24.

These five factors strongly support such a bar here. As noted in the Florida Federal Action, plaintiffs have together filed 14 lawsuits (15 including the Florida Federal Action) that have been dismissed sua sponte by the United States District Court for the Southern District of Florida. That list should now be supplemented by the instant lawsuit as well as a number of additional lawsuits filed in this Court or in other district courts by plaintiffs that have now been dismissed under 28 U.S.C. § 1915(e). See Iotova v. Nooter, No. 18-cv-557 (S.D.N.Y. Feb. 28, 2018) (Docket # 3); United States ex rel. Iotova v. Ocwen Fin. Corp., No. 17-cv-1788 (N.D. Ohio Dec. 20, 2017) (Docket # 3); Iotova v. Ocwen Fin. Corp., No. 17-cv-6316 (S.D.N.Y. Oct. 10, 2017) (Docket # 4); Iotova v. Bharara, No. 17-cv-5327 (S.D.N.Y. Sept. 20, 2017) (Docket # 8). There is no reason to believe plaintiffs had a good faith view they could prevail in this case in light of the fact that they did not address the res judicata argument in their opposition papers and continued to file motions rather than responding to the defendant's arguments. While the plaintiffs here are pro se, we do not view this factor as strongly counseling against a litigation bar. The plaintiffs have posed needless expense and burden to Patel, who had to file motion

papers seeking dismissal of the instant action, as well as burden to other named defendants and to the courts in the many other frivolous lawsuits plaintiffs have filed.  Finally, we do not think any other sanction would protect the courts and the parties.

Accordingly, an injunction should issue barring plaintiffs from filing any further lawsuit against Patel or his firm based on any conduct occurring prior to the date of the injunction.  See, e.g., Moore v. T-Mobile USA, Inc., 2014 WL 6474904, at *8 (S.D.N.Y. Oct. 27, 2014) (litigant "should be enjoined from making any further filings in this case (except objections or appeals) and from instituting any new federal or state court proceedings arising from or related to his claims against [the defendant]"); Gertskis v. N.Y. Dep't of Health & Mental Hygiene, 2014 WL 2933149, at *7 (S.D.N.Y. June 27, 2014) (barring litigant "from filing future actions relating to [the subject matter of the case]"); Lee v. City of New York, 2005 WL 2365320, at *3 (S.D.N.Y. Sept. 22, 2005) (barring litigant "from filing any new action that raises claims that are the same as or similar to the claims presented in the instant complaint").

III.  CONCLUSION

For the foregoing reasons, the motion to dismiss (Docket # 13) should be granted.  Also, an injunction should issue barring plaintiffs from filing any further lawsuit against Patel or his firm based on any conduct occurring prior to the date of the injunction.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served.  Any objections and

responses shall be filed with the Clerk of the Court, with copies sent to the Hon. George B.

Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time

to file objections or responses must be directed to Judge Daniels. If a party fails to file timely

objections, that party will not be permitted to raise any objections to this Report and

Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a),

6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins,

Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 14, 2018
        New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copy sent to:

Antoaneta Iotova
BOP No. 11570-104
MCC New York
150 Park Row
New York, NY 10007

Issak Almaleh
BOP No. 15569-104
MDC Brooklyn
80 29th Street
Brooklyn, NY 11232

Counsel by ECF

8