| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: AUG 0 1 2018 |

------------------------------------- x
ANTOANETA IOTOVA and ISSAK ALMALEH,

                      Plaintiffs,

      -against-                              MEMORANDUM DECISION
                                                     AND ORDER
ANDREW PATEL,

                                                     17 Civ. 6594 (GBD) (GWG)

                      Defendants.
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiffs Antoaneta Iotova and Issak Almaleh brought this action against Iotova's former criminal defense counsel, Defendant Andrew Patel, alleging malpractice, fraud, and negligence. (Compl., ECF. No. 2.) Plaintiffs are currently being prosecuted for bank fraud, wire fraud, and related crimes in this District. *United States v. Almaleh & Iotova*, No. 17 Cr. 00025 (KBF) (S.N.D.Y. filed Jan 11, 2017). On February 14, 2017, Defendant Patel was appointed as Iotova's counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. (*Id.*, Disposition Sheet, ECF No. 7.) On, November 1, 2017, he was relieved from representing Iotova by court order. (*Id.*, Order, ECF No. 62.)

    Prior to this lawsuit, Plaintiffs, separately and collectively, filed two lawsuits against attorney Patel in state and federal court, alleging that he committed legal malpractice, fraud, and negligence during his representation of Iotova. On August 8, 2017, Iotova filed the first lawsuit against Defendant in the County Court for Broward County, Florida, (Decl. of Silverman in Support of Mot. to Dismiss ("Silverman Decl."), Ex. A ("Florida State Compl."), ECF No. 15-1.) On August 21, 2017, both Plaintiffs filed another lawsuit against attorney Patel in the United States District Court for the Southern District of Florida, (Silverman Decl., Ex. B ("Florida Federal Compl."), ECF No. 15-1.)

On October 18, 2017, the Florida state court dismissed Plaintiff Iotova's state court lawsuit. *Iotova v. Patel*, No. COCE-17-012393. On October 30, 2017, the Southern District of Florida dismissed Plaintiffs' federal action as frivolous and for failure to state a claim. (Silverman Decl., Ex. C ("Mot. to Dismiss Order"), ECF No. 15-1.) The Florida federal district court listed fourteen cases previously filed by Plaintiffs in that district that had been dismissed *sua sponte*, and warned Plaintiffs that "[f]urther frivolous lawsuits may warrant sanctions." (*Id.* at 2.)

The instant action was filed on August 25, 2017, and Plaintiffs' complaint tracks word-for-word the Florida federal complaint, (*compare* Compl., *with* Florida Federal Compl.) On December 27, 2017, Defendant moved to dismiss Plaintiffs' complaint under the doctrine of *res judicata*, and asked this Court to enjoin Plaintiffs from filing any further lawsuits against Defendant or his law firm based on any conduct occurring prior to the date the injunction is issued. (Mem. of Law in Support of Mot. to Dismiss, ECF No. 14.) Plaintiffs then filed several letters opposing the motion.[1] (Letters, ECF Nos. 20, 22, 25.)

On January 5, 2018, this Court referred this case to Magistrate Judge Gabriel W. Gorenstein. (*See* Amended Order, ECF No. 16.) Before this Court is Magistrate Judge Gorenstein's March 15, 2018 Report and Recommendation, recommending that Defendant's motion to dismiss be granted and that an injunction be issued "barring [P]laintiffs from filing any further lawsuit against [Defendant] or his firm based on any conduct occurring prior to the date of the injunction." (Report and Recommendation ("Report"), ECF No. 26.)

In his Report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 7–8); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiffs did not file any objections. Having

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

reviewed the Report for clear error, this Court ADOPTS Magistrate Judge Gorenstein's recommendation in full.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). Portions of the magistrate judge's report to which objections are properly filed are reviewed *de novo*. 28 U.S.C. § 636(b)(1). Portions of a magistrate judge's report to which no or improper objections have been made are reviewed for clear error. *Azkour v. Haouzi*, No. 11 Civ. 5780 (RJS), 2017 WL 3016942, at *4 (S.D.N.Y. July 17, 2017). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 555). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, 157 F. Supp. 3d 293, 300 (S.D.N.Y. 2016).

## II. RES JUDICATA

In his Report, Magistrate Judge Gorenstein properly concluded that the instant lawsuit should be dismissed on the ground of claim preclusion, in light of the dismissal order in the Florida federal action. (Report at 5.)

A claim preclusion challenge "may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cty. of Frankin*, 15 F.3d 245, 253 (2d. Cir. 1994). Claim preclusion applies when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). In his Report, Magistrate Judge Gorenstein properly found that the instant lawsuit meets all three elements: the instant action involves the same parties and the same claims as those in the Florida federal action, (*compare* Compl., *with* Florida Federal Compl.), which was dismissed on the merits for failure to state a claim, (Mot. to Dismiss Order at 1.) Therefore, Magistrate Judge Gorenstein's recommendation to dismiss Plaintiffs' complaint is ADOPTED.

## III. MOTION FOR SANCTIONS

Magistrate Judge Gorenstein also correctly concluded that an injunction should be issued enjoining Plaintiffs from filing further lawsuits against Defendant and his law firm based on any conduct prior to the date of the injunction. (Report at 7.)

Under *Safir v. United States Lines, Inc.*,

[a] district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;

and (5) whether other sanctions would be adequate to protect the courts and other parties.

792 F.2d 19, 24 (2d Cir. 1986). The five factors warrant the issuance of a limited litigation bar. As noted by the Florida district court, Plaintiffs have filed fourteen cases that have all been dismissed by that court *sua sponte*.[2] (Mot. to Dismiss Order at 1–2.) Plaintiffs do not have a good faith expectation of prevailing in pursuing the litigation since they did not respond to Defendant's *res judicata* argument in their opposition letters and instead merely reiterated their own allegations. (Letters.) Moreover, Plaintiffs made the same allegations and asserted the same claims against Defendant in three different venues in a one-month period, which caused needless expense to Defendant and posed an unnecessary burden on the courts. (*See* Federal State Compl.; Florida Federal Compl.; Compl.) Accordingly, Magistrate Judge Gorenstein's recommendation to issue a limited injunction against Plaintiffs is ADOPTED.

## IV. CONCLUSION

Magistrate Judge Gorenstein's Report and Recommendation is ADOPTED in full. Defendant's motion to dismiss is GRANTED, and Plaintiffs are enjoined from filing further lawsuits against Defendant and his law firm based on any conduct occurring prior to the date of this Order.

The Clerk of Court is directed to close the motion at ECF No. 13, and this case.

Dated: New York, New York
      August 1, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Since filing the instant action, Plaintiffs have filed a number of other lawsuits in this Court and the Northern District of Ohio. (Report at 6 (collecting cases).)